# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MICHAEL BERRY, | ) | |
| Plaintiff, | ) | Court File No. 21-cv-220 |
| | ) | |
| v. | ) | |
| WISCONSIN CENTRAL LTD., a Delaware corporation; WISCONSIN CENTRAL LTD., a Delaware corporation, d/b/a CANADIAN NATIONAL RAILWAY CO or CANADIAN NATIONAL, a foreign corporation | ) | **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

Plaintiff Michael Berry brings this complaint against Defendant Wisconsin Central Ltd., a Delaware corporation, d/b/a Canadian National Railway Co. or Canadian National, a foreign corporation, and/or Wisconsin Central Ltd., a Delaware corporation. Plaintiff states and alleges as follows:

**PARTIES**

1. Plaintiff Michael Berry is and was at all times material to this action a resident of the City of Hixton, County of Jackson, State of Wisconsin. Plaintiff was an employee of the Railroad.

1

2. Wisconsin Central Ltd., is a Delaware Corporation organized and existing as a railroad carrier engaged in interstate commerce. Wisconsin Central Ltd., maintains and operates its headquarters in Homewood, Illinois. Wisconsin Central Railroad maintains substantial lengths of track and conducts substantial business in the State of Wisconsin.

3. Canadian National Railway Company is a foreign corporation organized and existing as a railroad carrier engaged in interstate commerce. Canadian National Railway Company maintains and operates its headquarters in Montreal, Quebec, Canada. Canadian National Railway maintains substantial lengths of track and conducts substantial business in the State of Wisconsin.

4. Upon information and belief, Wisconsin Central Ltd., is d/b/a Canadian National Railway Co. or Canadian National. This entity, Wisconsin Central Ltd., d/b/a Canadian National Railway Co., or Canadian National, maintains substantial lengths of track and conducts substantial business in the State of Wisconsin.

5. Plaintiff, upon information and belief, is employed by Wisconsin Central Ltd.

6. Plaintiff, upon information and belief, is employed by Canadian National Railway Company or Canadian National.

7. Plaintiff, upon information and belief, is employed by Wisconsin Central Ltd., d/b/a Canadian National Railway Co., or Wisconsin Central Ltd., d/b/a Canadian National.

8. Hereinafter the various railroad entities set forth in paragraphs 2 through 4 will collectively be referred to as the "Railroads."

## JURISDICTION AND VENUE

9. Count I of this action arises under the Federal Employers' Liability Act (FELA), codified at 45 U.S.C. §§ 51-60, and related statutes and regulations. The action is timely under this statute, as fewer than three years have elapsed since the occurrence of the injury.

10. Count II of this action arises under federal safety regulations, namely 49 C.F.R. §213.37 (vegetation), 213.7 (qualified inspector) and 213.33 (inspection of track areas) as incorporated into FELA by 45 U.S.C §54a. The action is timely under this statute, as fewer than three years have elapsed since the occurrence of the injury.

11. This Court has personal jurisdiction over Defendant Railroads pursuant to Wis. Stat. § 801.05(1)(c) & (d) because they operate and maintain substantial railroad operations within the State of Wisconsin.

13. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. §1391 because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within the Western District of Wisconsin. Plaintiff resides in this judicial district. And because the railroad conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over the railroad.

## COUNT I: FEDERAL EMPLOYERS' LIABILITY ACT

13. Plaintiff alleges and incorporates all paragraphs preceding.

14. On or about October 29, 2019, Plaintiff was engaged in the course and scope of his employment for the railroad, and a portion of his duties as an employee of the railroad

were in furtherance of interstate or foreign commerce and/or directly or closely and substantially affected such commerce.

15. While engaged in the scope of his employment, Plaintiff was performing his job duties in the Railroads' Wisconsin Rapids Yard (hereafter "Yard"). At the time of Plaintiff's injury, unbeknownst to Plaintiff and known to the Railroad, the Wisconsin Rapids Yard was an unsafe place to work. The ground alongside the tracks was steep and had insufficient drainage. The ground around the yard was scattered with sticks, rocks, vegetation, and garbage from an adjacent landfill and proper lighting was not provided. Due to the Yard's unsafe conditions, Plaintiff was caused to slip and struck his hip and back.

16. As a result of the unsafe walking conditions caused by the Yard's unsafe condition, Plaintiff suffered injuries to his hip and back.

17. Plaintiff's injuries were caused, in whole or in part, by the negligence of the Railroads and/or its employees. Such negligence includes, but is not limited to:

    a. Failure to exercise due and reasonable care in providing Plaintiff with a reasonably safe work environment;

    b. Failure to properly inspect and maintain the Wisconsin Rapids Yard;

    c. Creating and permitting an unsafe hazardous condition upon property where Plaintiff was assigned to work;

    d. Failure to properly warn Plaintiff and similarly situated employees of the dangers of the Wisconsin Rapids Yard;

    e. Failure to properly instruct and/or correct unsafe procedures;

4

 f. Assigning Plaintiff to work in the unsafe Wisconsin Rapids Yard;

 g. Failure to take reasonable, adequate, precautionary steps to protect Plaintiff from the reasonably foreseeable dangers associated with his work;

 h. Failure to provide proper supervision of work and location assigned to plaintiff;

 i. Failure to provide proper lighting; and

 j. Other acts of negligence.

18. Due in whole or in part to the Railroads' negligence, Plaintiff suffered injuries and has suffered and/or will continue to suffer physical and mental pain and/or anguish and loss of enjoyment of life. Plaintiff has received extensive treatment and incurred significant medical costs for said injuries, including but not limited to multiple surgeries on his left hip and a total left hip replacement at the age of 44.

19. Due in whole or in part to the Railroads' negligence, Plaintiff is permanently disabled from railroad work such as he previously performed. He suffered loss of wages and fringe benefits and will continue to suffer loss or diminution of his earning capacity.

20. Plaintiff prays for the entry of judgment in his favor and against Defendant Railroads for compensation for all of the above-named injuries, together with interest, fees, costs, and such other damages as may be allowed by law and at equity.

## COUNT II: REGULATORY VIOLATIONS

21. Plaintiff alleges and incorporates all paragraphs preceding.

22. Plaintiff was injured on October 29, 2019, as a result of Defendants' violation of the federal railroad safety regulations enacted pursuant thereto, namely 49 C.F.R.

5

§§§213.37, 213.7 and 213.233 in that Defendant allowed the grass surrounding the roadbed to grow uncontrolled and allowed tree stumps to remain in the area such that they interfered with railroad employees in their trackside duties. Additionally, the Railroads were negligent in their inspections of the area it required Plaintiff to work. In whole or in part because of the unkempt vegetation alongside the roadbed and due to negligent inspection(s) of the premises, Plaintiff was injured as detailed above.

23. Due in whole in part to Defendant's violation of the federal safety regulations, Plaintiff sustained severe and permanent injuries of his hip and back and has suffered and will continue to suffer substantial damages due to medical treatment, diminution of his ability to work, and associated pain and suffering with both of those.

24. Plaintiff prays for the entry of judgment in his favor and against Defendant Railroads for compensation for all of the above-named injuries, together with interest, fees, costs, and such other damages as may be allowed by law and at equity.

**JURY TRIAL DEMAND**

25. Plaintiff alleges and incorporates all paragraphs preceding.

26. Plaintiff hereby demands a trial by jury for all claims and factual determinations so triable.

6

Dated: 4/2/2021

**JOSSART LAW OFFICE, LLC**

*Paula Jossart*

Paula M. Jossart, MSBA #0295292
200 W. Highway 13
Suite 110
Burnsville, MN 55337
(952) 777-4277 – Telephone
(952) 777-4279 – Facsimile
pjossart@josartlaw.com
ATTORNEY FOR PLAINTIFF

7